UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRETT NYQUIST,

    Plaintiff,

v.                                                                        Case No: 6:17-cv-344-Orl-40TBS

THE GROUP HEALTH BENEFIT PLAN
FOR ASSOCIATES OF PUBLIX
SUPERMARKETS, INC., PUBLIX
SUPER MARKETS, INC., BLUE CROSS
AND BLUE SHIELD OF FLORIDA, INC.
and BLUE CROSS AND BLUE SHIELD
OF SOUTH CAROLINA, INC.,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Defendant Blue Cross and Blue Shield of Florida and Defendant Blue Cross and Blue Shield of South Carolina's Motion to Stay Discovery Pending a Decision on their Motion to Dismiss Plaintiff's Complaint (Doc. 33). Plaintiff Brett Nyquist has filed a response in opposition to the motion (Doc. 34).

Plaintiff suffers from brain cancer and seizures related to his cancer (Doc. 1, ¶ 11). He has health insurance through a plan sponsored and self-funded by his employer, Defendant Publix Super Markets, Inc. (Id., ¶ 9). According to Plaintiff, the other Defendants have some involvement in the insurance plan but "the extent of each Defendant's involvement is not entirely clear at this juncture." (Id., ¶ 10). Plaintiff alleges that "only time will tell as to which Defendant(s) will need to tender the long-overdue health insurance benefits." (Id. at 8, n. 4).

Plaintiff was treated at the Mayo Clinic, which recommended proton beam therapy (Id., ¶¶ 11-12). He contends that proton beam therapy is covered by his health insurance (Id., ¶ 14). But, he complains that Defendants refused to pre-certify him for the therapy, apparently because they believe it is "investigational" and "experimental" (Id., ¶¶ 15, 17). When Plaintiff's health insurance would not pay, Plaintiff expended approximately $200,000 of his own money for proton beam therapy (Id., ¶ 15).

Plaintiff twice appealed the denial of coverage and both times, the denial was upheld (Id., ¶ 17). Now, he brings this lawsuit alleging that Defendants wrongly denied him health insurance benefits in violation of 29 U.S.C. § 1132(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA") (Id.). Plaintiff prays for damages including past-due contractual benefits, attorney's fees, and costs (Id., at 8).

Publix and Defendant The Group Health Benefit Plan for Associates of Publix Supermarkets, Inc.,[1] have answered (Docs. 18-19). The Blue Cross Defendants filed a motion to dismiss in which they argued that they are not proper parties because they served as "claims administrators," not "plan administrators" and therefore, they are not subject to suit under ERISA (Doc. 20 at 3). The Blue Cross Defendants also argued that Plaintiff had not alleged sufficient plausible facts to state a cause of action against them (Id., at 4). In anticipation that their motion to dismiss would be granted and Plaintiff's claims against them would be dismissed with prejudice, the Blue Cross Defendants requested a stay of all discovery directed to them (Doc. 33). On March 12, 2018, the Court denied Blue Cross Blue Shield of Florida, Inc.'s motion to dismiss and granted, without prejudice, Blue Cross Blue Shield of South Carolina, Inc.'s motion to dismiss

---

[1] This Defendant alleges that its correct name is The Publix Supermarkets, Inc. Group Health Benefit Plan (Doc. 19 at 1).

(Doc. 35). The Court also gave Plaintiff leave to amend his complaint (Id.).

District courts have the inherent power to control their dockets and manage their cases, including by staying discovery. Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263 (11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. App'x 926, 932 (11th Cir. 2017). The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL

2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

A "preliminary peek" at the merits of the motion to dismiss is unnecessary because the Court has made its ruling. And, regardless of whether Plaintiff amends his complaint against one or both of the Blue Cross Defendants, given their roles in the administration of the health insurance plan, the Court is not persuaded that Plaintiff will not seek discovery from them regardless of whether they are parties to this action. For these reasons, the motion for a stay of discovery is **DENIED**.

**DONE** and **ORDERED** on this 13th day of March, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record